James A. Stankowski (State Bar No. 106367)
Marc V. Allaria (State Bar No. 168960)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
James.Stankowski@wilsonelser.com
Marc.Allaria@wilsonelser.com

Attorneys for Defendant,
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN PANCHAL, M.D., <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES <br><br> Defendants. | Case No.: 1:08-CV-00707-AWI-DLB <br><br> **PROOF OF SERVICE OF COURT'S ORDER SETTING MANDATORY SCHEDULING CONFERENCE AND ITS ATTACHMENTS ON PLAINTIFF'S COUNSEL** <br><br> Date:          July 22, 2008 <br> Time:         09:15 a.m. <br> Courtroom: #9 (6th Floor) |

TO PLAINTIFF/PETITIONER AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court has scheduled a Mandatory Settlement Conference in the above matter for June 22, 2008, at 9:15 a.m. in Courtroom 9 (6th Floor) of the above entitled Court.

Attached as Exhibit "A" is a copy of the Court's Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge to Exercise

///

///

///

662050.1                                                 1

Jurisdiction and Appeal Instructions, Notice of Availability Voluntary Dispute Resolution and Notice of Noncompliance with Electronic Filing Requirement.

Dated: May 28, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
James A. Stankowski, Esq.
Marc V. Allaria, Esq.
Attorneys for Defendant
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

662050.1

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | NO. 1:08-CV-00707-AWI-DLB |
| PARVIN PANCHAL, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| Plaintiff(s); | |
| V. | DATE: July 22, 2008<br>TIME: 09:15 AM |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | COURTROOM: #9 (6th Floor) |
| Defendant(s). | DENNIS L. BECK<br>U.S. MAGISTRATE JUDGE |

Rule 16, F.R.Civ.P., requires the Court to enter a Scheduling Conference Order within 120 days of the date of the Complaint being served upon the defendant. Therefore, it is ordered that you appear for a formal Scheduling Conference before the United States Magistrate Judge Dennis L. Beck, in Courtroom 9 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly

1  file proofs of service of the summons and complaint so the Court
2  has a record of service.  Counsel are referred to F.R.Civ.P., Rule 4
3  regarding the requirement of timely service of the complaint.
4  Failure to timely serve summons and complaint may result in the
5  imposition of sanctions, including the dismissal of unserved
6  defendants.

7      Due to the mandates of Rule 16, this Order may be served upon
8  counsel for the plaintiff(s) before appearances of defendant(s) are
9  due.  It is the obligation of counsel for the plaintiff(s) to serve
10 a copy of this Order on the defendant(s), or, if identified, on
11 their counsel, **promptly** upon receipt of this Order, and to file an
12 appropriate proof of such service with the Court, in compliance
13 with Rule 5-135(a) of the Local Rules of Practice for the Eastern
14 District of California.

15     Attendance at the Scheduling Conference is *mandatory* upon each
16 party not represented by counsel or, alternatively, by retained
17 counsel.  Only counsel who are thoroughly familiar with the facts
18 and the law of the instant case, and who have full authority to bind
19 his or her client, shall appear.  Trial counsel should participate
20 in this Scheduling Conference whenever possible.  It may be
21 necessary for counsel to spend as much as 45 minutes in this
22 Conference.

23     A Joint Scheduling Report, carefully prepared and executed by
24 all counsel, shall be electronically filed in CM/ECF, one (1) full
25 week prior to the Scheduling Conference, and shall be e-mailed, in
26 WordPerfect or Word format, to **dlborders@caed.uscourts.gov**.
27

1 For reference purposes, the court requires that counsel's
2 Joint Scheduling Report indicate the date, time, and courtroom of
3 the Scheduling Conference opposite the caption on the first page of
4 the Report.

5 Among other things, counsel will be expected to discuss the
6 possibility of settlement.  Counsel are to thoroughly discuss
7 settlement with each other before undertaking the preparation of
8 the Joint Scheduling Report and engaging in extensive discovery.
9 However, even if settlement negotiations are progressing, counsel
10 are expected to comply with the requirements of this Order unless
11 otherwise excused by the Court.  If the case is settled, please
12 **promptly** inform the Court, and counsels' presence, as well as the
13 Joint Scheduling Report, will not be required.

14 <u>**Counsel may request that their attendance be by telephonic**</u>
15 <u>**conference.**</u>  If two or more parties wish to appear telephonically,
16 counsel shall decide which will be responsible for making prior
17 arrangements for the conference call and shall initiate the call at
18 the above-designated time.  <u>After all parties are on the line, the</u>
19 <u>call should then be placed to Judge Beck's chambers at 559-499-</u>
20 <u>5670</u> .  <u>**Additionally, counsel are directed to indicate on the**</u>
21 <u>**face page of their Joint Scheduling Report that the conference**</u>
22 <u>**will be telephonic.**</u>

23 At least twenty (20) days prior to the Mandatory Scheduling
24 Conference, the actual trial counsel for all parties shall conduct
25 and conclude a conference at a time and place arranged by counsel
26

5

1 for the appearance. This conference should preferably be a
2 personal conference between all counsel but, due to the distances
3 involved in this District, a telephonic conference call involving
4 all counsel is permissible.  The Joint Scheduling Report Shall
5 respond to the following items by corresponding numbered
6 paragraphs:

### Form and Contents of the Joint Scheduling Report

   1.   Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

   2.   Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.  A proposed deadline for amendments to pleadings.

   3.   A summary detailing the uncontested and contested facts.

   4. A summary of the legal issues as to which there is no dispute, _i.e._, jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

   5.   The status of all matters which are presently set before the Court, _i.e._, hearing all motions, etc.

   6.   A complete and detailed discovery plan addressing the following:

       (a) A date for the exchange of initial disclosures
           required by Fed.R.Civ.P. 26(a)(1) or a statement that
           disclosures have already been exchanged;

  (c) A firm date(s) for disclosure of expert witnesses as required by Fed.R.Civ.P. 26(a)(2);

  (d) firm cut-off date for expert witness discovery;

  (e) Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a)

  (f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

  (g) Any issues or proposals relating to the timing; sequencing, phasing or scheduling of discovery;

  (h) Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery;

  (i) Whether any party anticipates video and/or sound recording of depositions;

  (j) A proposed date for a Mid-Discovery Status Report and Conference;

 7. Discovery relating to Electronic, Digital and/or Magnetic data.

 Prior to a Fed.R.Civ.P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data

1  (outdated formats or media) and disclosed in initial discovery
2  (self-executing routine discovery) the computer based evidence
3  which may be used to support claims or defenses.
4        (A) Duty to Notify.  A party seeking discovery of
5  computer-based information shall notify the opposing party
6  immediately, but no later than the Fed.R.Civ.P. 26(f) conference of
7  that fact and identify as clearly as possible the categories of
8  information which may be sought.
9        (B) Duty to Meet and Confer.  The parties shall meet and
10 confer regarding the following matters during the Fed.R.Civ.P.
11 26(f) conference:
12            (i) <u>Computer-based information (in general)</u> .
13 Counsel shall attempt to agree on steps the parties will take to
14 segregate and preserve computer-based information in order to avoid
15 accusations of spoilation;
16            (ii) <u>E-mail information</u> . Counsel shall attempt to
17 agree as to the scope of e-mail discovery and attempt to agree upon
18 an e-mail search protocol.  This should include an agreement
19 regarding inadvertent production of privileged e-mail messages.
20            (iii) <u>Deleted information</u>. Counsel shall confer and
21 attempt to agree whether or not restoration of deleted information
22 may be necessary, the extent to which restoration of deleted
23 information is needed, and who will bear the costs of restoration;
24 and
25            (iv) <u>Back-up data</u>  Counsel shall attempt to agree
26 whether or not back-up data may be necessary, the extent to which
27 backup data is needed and who will bear the cost of obtaining back-
28 up data.

1  The Joint Scheduling Report shall summarize the parties'
2  conference relating to discovery of electronic data.
3      8.  Dates agreed to by all counsel for:
4          (a) Filing non-dispositive[1] and dispositive[2] pre-trial
5          motions with the understanding that motions (except
6          motions in *limine* or other trial motions) will not be
7          entertained after the agreed upon date.  (No later than
8          10 weeks prior to the proposed Pre-Trial Conference
9          date.)
10         (b) Pre-Trial Conference date. (No later than 45 days
11         prior to the proposed trial date.)
12         (c) Trial date.
13     All of these dates should be considered firm dates.
14 Dates should be set to allow the court to decide any matters under
15 submission before the Pre-Trial Conference is set.
16     9. At the conference referred to above, counsel are
17 encouraged to discuss settlement, and the Court will expect a
18 statement in the Joint Scheduling Report as to the possibility of
19 settlement.  Counsel shall indicate when they feel a settlement
20 conference is desired, <u>i.e.</u>, before further discovery, after
21 discovery, after pre-trial motions, etc.
22     10. A statement as to whether the case is a jury or non-jury
23 case.  If the parties disagree as to whether a jury trial has been
24 timely demanded or whether one is available on some or all of the
25 claims, the statement shall include a summary of each party's

---

27     [1]Motions to compel discovery, amend, remand, etc.
28     [2]Motions for summary adjudication or to dismiss, strike, etc.

9

1 | positions

2 | 11. An estimate of the number of trial days required.  When
3 | counsel cannot agree, each party shall give his or her best
4 | estimate.  In estimating the number of trial days counsel should
5 | keep in mind that this court is normally able to devote the entire
6 | day to trial.

7 | 12. Because the District Judges' dockets are extremely
8 | crowded dockets the parties should consider and address the issue
9 | of whether they are willing to consent to the jurisdiction of a
10 | U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c).  All
11 | non-dispositive motions are routinely heard by the Magistrate Judge
12 | whether or not the parties consent.

13 | 13. Whether either party requests bifurcation or phasing of
14 | trial or has any other suggestion for shortening or expediting
15 | discovery, pre-trial motions or trial.

16 | 14. Whether this matter is related to any matter pending in
17 | this court or any other court, including any bankruptcy court.

18 | 15. Joint Scheduling Reports are to be e-mailed, in
19 | WordPerfect or Word format, to **dlborders@caed.uscourts.gov**.

20

21 | **SHOULD COUNSEL OR A PARTY APPEARING *PRO SE* FAIL TO APPEAR AT**
22 | **THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE**
23 | **DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND**
24 | **JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY**
25 | **BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE**
26 | **IMPOSED AND/OR ORDERED**

27 |                    UNITED STATES MAGISTRATE JUDGE
28 |                    /s/ DENNIS L. BECK

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

### TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73-305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk                                    Office of the Clerk

501 I Street, Room 4-200                               2500 Tulare Street, Suite 1501

Sacramento, CA 95814                                   Fresno, CA 93721

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**PARVIN PANCHAL,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **1:08-CV-00707-AWI-DLB**

**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**
Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐ **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.*, and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16–271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 16–271, *this Local Rule applies to* all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16–271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street, Suite 4–200
Sacramento, CA 95814
(916) 930–4280

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street, Suite 1501
Fresno, CA 93721
(559) 499–5600

13

Attorney Identification
(include State Bar number)

Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

PARVIN PANCHAL,
      Plaintiff(s)

NO. 1:08-CV-00707-AWI-DLB

v.

STIPULATION TO ELECT
REFERRAL OF ACTION TO VOLUNTARY
DISPUTE RESOLUTION PROGRAM (VDRP)
PURSUANT TO LOCAL RULE 16-271

EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES,
      Defendant(s)
_____/

    Pursuant to Local Rule 16-271, the parties hereby agree to submit the above-entitled action to

the Voluntary Dispute Resolution Program.


DATED:_____

                                _____
                                Name:
                                Attorney(s) for Plaintiff(s)


                                _____
                                Name:
                                Attorney(s) for Defendant(s)

UNITED STATES DISTRICT COURT
Eastern District of California
Office of the Clerk
501 I Street
Suite 4-200
Sacramento, California 95814
916/930-4000

**Victoria C. Minor, Clerk**

**REPLY TO:**
Divisional Office
2500 Tulare Street, Room 1501
Fresno, California 93721
559/499-5600

# NOTICE OF NONCOMPLIANCE WITH ELECTRONIC FILING REQUIREMENT

## ELECTRONIC FILING DISTRICT

On **January 3, 2005,** the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). **If you have not already done so, you must register immediately for CM/ECF** on-line at www.caed.uscourts.gov. Once registered, you will receive your login and password in approximately 1-2 days. You must be registered to file documents on-line. See L.R. 5-135(g). **Unless excused by the Court or by Local Rule, all attorneys must file all documents electronically in all actions pending before the court.**

## HANDLING OF IMPROPERLY FILED PAPER DOCUMENTS

While the Clerk's Office will not refuse to file a proffered paper document, it will scan it, and if improperly filed, will notify the Court that the document was filed in an improper format. An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing or other violations of these electronic filing procedures. See L.R. 11-110, L.R. 5-133(d)(3).

## IMPORTANT NOTICE TO ATTORNEYS

You are responsible for knowing the rules governing electronic filing in the Eastern District. Please review the Court's Local Rules Effective January 3, 2005, available on the Court's web site. More information regarding CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures and the Court's CM/ECF User's Manual.

15

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
### Case No. 1:08-CV-00707-AWI-DLB

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On **May 28, 2008**, I served the foregoing document described as **PROOF OF SERVICE OF COURT'S ORDER SETTING MANDATORY SCHEDULING CONFERENCE AND ITS ATTACHMENTS ON PLAINTIFF'S COUNSEL** on all interested parties, through their respective attorneys of record in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Douglas B. Schwab, Esq.<br>Law Offices of Douglas B. Schwab<br>23622 Calabasas Road, Suite 147<br>Calabasas, CA  91302 | **Attorneys for Plaintiff**<br><br>Tel.:   (818) 225-9902<br>Fax:   (818) 225-9900 |

__XX__   (BY MAIL) I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____   (BY OVERNIGHT-FEDERAL EXPRESS) I caused said document(s) to be picked up by U.S. Federal Express Services for overnight delivery to the offices of the addressees listed on the Service List.

____   (BY HAND DELIVERY/PERSONAL SERVICE) I caused said document(s) to be personally delivered by a courier/attorney service to each addressee on the Service list.

____   (BY FACSIMILE) I caused said document(s) to be telephonically transmitted to each addressee's telecopier (Fax) number as noted.

JURISDICTION

__XX__   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May  28, 2008**, at Los Angeles, California.

_Irene Guzman-Buelna_

662050.1

16